# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**MANJU SHRESTHA**, *Individually,*
*and on behalf of himself and other similarly*
*situated current and former employees*,

    Plaintiff,

v.

**UNITED STATES POSTAL SERVICE**

    Defendant.

NO. _____

**FLSA Opt-In Collective Action**
**JURY DEMANDED**

## ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT

Named Plaintiff Manju Shrestha ("Plaintiff"), individually, and on behalf of herself and all other similarly situated current and former employees as a class, brings this Fair Labor Standards Act ("FLSA") Collective Action and Fed. R. Civ. P. 23 Class Action Complaint against the United States Postal Service ("Defendant" or "USPS") and shows as follows:

### I.   INTRODUCTION

1. The FLSA was passed by Congress in 1938. The principal congressional purpose enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739 (1981). The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to the maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free

1

      flow of commerce, that double payment must be made in event of delay in order to insure restoration of the worker to that minimum standard of well-being. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707-08(1945).

2. This lawsuit is brought against the USPS as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation, liquidated damages and other damages owed to Plaintiff and other similarly situated current and former employees as defined herein.

3. This lawsuit is also brought against Defendant as a Fed. R. Civ. P. 23 class action, alleging breach of contract under Tennessee law to recover unpaid contractual wages owed to Plaintiff and other similarly situated current and former employees who are members of a class as defined herein.

4. Plaintiff and class/collective members are current and former employees of the USPS who work and/or worked in the Southern Area, Tennessee District of the USPS.

5. The USPS violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA.

6. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.    PARTIES

7. The USPS is an independent entity of the United States government responsible for providing postal service in the United States, among other services. The USPS operates in all fifty states, including the State of Tennessee. The Tennessee District of the USPS encompasses all of the State of Tennessee.

8. The USPS is an "employer" within the meaning of the FLSA pursuant to 29 U.S.C. §§

203(a), (d) and was the "employer" of Plaintiff and the putative class at all times hereto.

9. Plaintiff Manju Shrestha is an individual who was employed by the USPS within the meaning of the FLSA within the three-year period preceding the filing of this Collective Action Complaint. Plaintiff Shrestha was employed as a Postal Support Employee Mail Processing Clerk ("PSE") at the Myers Road Sorting Facility in Memphis, Tennessee. Plaintiff Shrestha hereby consents to be a party-plaintiff and the named representative plaintiff in this action and her consent form is attached as "Exhibit A."

10. Plaintiff Shrestha brings this action on behalf of herself and other similarly situated current and former employees of the USPS who were, or are, employed by the USPS, Southern Area, Tennessee District as hourly paid, non-exempt workers and who were subject to the same uniform pay practices as described below.

### III.   JURISDICTION AND VENUE

11. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.* and 29 U.S.C. § 1331. This Court further has jurisdiction over the Fed. R. Civ. P. 23 class action claims under 28 U.S.C § 1367 because the claims are so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

12. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant conducted business in this district and Plaintiff was employed by and performed work for Defendant in this district during all times material to this action.

### IV.   CLASS DESCRIPTIONS

13. Plaintiff brings this action on behalf of herself and the following similarly situated persons as a class:

> All current and former hourly-paid non-exempt employees of Defendant's Southern Area, Tennessee District during the applicable limitation's period (i.e., two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

14. Plaintiff brings this Fed. R. Civ. P. 23(b)(2) and (3) class action on behalf of the following similarly situated individuals:

> All current and former hourly-paid non-exempt employees who were employed by and performed work for the Defendant in Tennessee during the statutory time period and who were not paid wages owed by the Defendants (the "Rule 23 class").

## V.  COVERAGE

15. At all times material to this action, Defendant has been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

16. At all times hereinafter mentioned, Plaintiff and those similarly situated have been "employees" of Defendant as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

17. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business

        done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all times material to this action, Plaintiff and those similarly situated, as employees of Defendant, were engaged in commerce during all times material to this collective action.

## VI. FACTUAL ALLEGATIONS

20. The Tennessee District of the USPS employs thousands of workers across the State of Tennessee.

21. Plaintiff Shrestha was employed by Defendant in Tennessee from approximately December 2021 to January 2022. She performed work duties for Defendant in two Memphis facilities: one on 55 S B.B. King Blvd and the other on 3456 Meyers Peak.

22. Plaintiff Shrestha was employed by Defendant as a full time, hourly paid, non-exempt PSE from approximately December 2021 to January 2022. Plaintiff was supposed to be paid approximately $18.50 per hour (and any applicable shift differential). However, Defendant inexplicably offered her only approximately sixty (60) percent of the total pay she earned, and Plaintiff still has never been paid by Defendant for her time work in Tennessee as of the date of this filing. Plaintiff Shrestha regularly worked more than forty (40) hours in a workweek during her employment.

23. Defendant established and administered the pay practices experienced by Plaintiff and similarly situated employees during the three (3) years preceding the filing of this collective action.

24. When offering Plaintiff and all other former hourly-paid non-exempt employees' employment, Defendant offered to pay them for all the time that they spent working for Defendant.

25. By accepting employment with Defendant, Plaintiff and all other former hourly-paid non-exempt employees agreed to provide their labor in consideration for an agreement that they would be compensated for all time that they spent working for Defendant. This was material term of their employment agreement.

26. Upon hiring Plaintiff and all other former hourly-paid non-exempt employees, Defendant therefore became contractually obligated to compensate for all time that they spent working for Defendant.

27. Plaintiff and other similarly situated employees also worked for Defendant in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

28. Defendant's practice of only paying (or offering to pay) Plaintiff and the class approximately sixty (60) percent of their wages resulted in the non-payment of overtime as required by the FLSA. It also resulted in a breach of their employment agreement with Plaintiff – that is, they defaulted on their legal obligation to compensate Plaintiff and all other former hourly-paid non-exempt employees for all time that they spent working for Defendant.

29. Defendant was aware they were not compensating Plaintiff and similarly situated employees at the applicable FLSA overtime rates of pay within relevant weekly pay periods at all times material.

30. Defendants' common plan, policy and practice of not compensating Plaintiff those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

31. Defendant's failure to compensate Plaintiff and those similarly situated for the time they

performed job duties was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

32. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

33. The net effect of Defendant's common plan, policy, and practice of practice of failing to pay Plaintiff and those similarly situated approximately forty (40) percent of their wages, is that Defendant unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII.     FLSA COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this case as a collective action on behalf of herself and class members pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

35. Plaintiff and class members are "similarly situated" for purposes of in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

36. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping, pay practices and compensation plans, policies and practices.

37. Plaintiff and class members are similarly situated because their unpaid wage claims are unified by a common theory of Defendants' FLSA violations.

38. Defendant knew Plaintiff and class members performed compensable work and/or, were not fully compensated for said work. Nonetheless, Defendant operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

39. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiff and the class.

40. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

41. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

42. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

43. Plaintiff estimates there are thousands of putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

44. Plaintiff's and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## VIII.     **RULE 23 CLASS ACTION VIOLATIONS – BREACH OF CONTRACT**

45. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds, if not thousands, of Rule 23 Class members. Rule 23 Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

46. There is a well-defined community of interest among Rule 23 Class Members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited to, the following:

    - Whether there was an agreement to compensate Rule 23 for all compensable time worked;

    - Whether the unpaid time Rule 23 Class members spend performing work functions for which they were not paid is compensable time;

    - Whether Defendants' non-payment of wages for all compensable time amounted to a breach of contract.

47. Plaintiff's claims are typical of those of the Rule 23 Class in that she and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Class members.

48. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and she retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

50. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts.

51. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

52. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S.Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

53. As a direct and proximate result of Defendant's breaches of the contracts alleged herein, Plaintiff and every other member of the Rule 23 Class has been damaged, in an amount to be determined at trial.

54. Thus, these claims are appropriate for class certification under Rules 23(b)(3).

55. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
### (Violation of the Fair Labor Standards Act)

56. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

57. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

58. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

59. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

60. As a result of Defendant's common plan, policy and practice of failing and/or refusing to pay all wages to Plaintiff and the class, Defendant has violated the FLSA and is liable to them for such unpaid overtime compensation.

61. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

62. Through its actions, plans, policies and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

63. Defendant's actions were willful with reckless disregard to clearly applicable FLSA provisions.

64. Defendant's actions were not in good faith.

65. The unpaid overtime claims of Plaintiff and the class are unified by a common theory of Defendant's FLSA violations.

66. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

67. Therefore, Defendant is liable to Plaintiff and class members for actual damages and liquidated damages, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

### Count II
### (Rule 23 Class Action)
### BREACH OF CONTRACT

68. Plaintiff re-alleges and incorporates all previous paragraphs herein and further allege as follows.

69. At all times relevant to this action, Defendant had a binding and valid contract with Plaintiff and every other Rule 23 Class member to pay each employee for each hour they worked at a pre-established (contractual) regularly hourly rate in consideration of the work duties Plaintiff and the Rule 23 Class members performed on Defendant's behalf.

70. Each Rule 23 Class member's contractual hourly rate is identified in paystubs and other records that Defendant prepares as part of its regular business activities.

71. Plaintiff and every other Rule 23 Class member performed under the contract by doing their jobs and carrying out the work they performed each shift including the unpaid work that was required of them.

72. By only offering to pay Plaintiff and every other Rule 23 Class member for a percentage of the work they performed, Defendant systematically breached its contracts with Plaintiff and each member of the Rule 23 Class.

73. Plaintiff's and the Rule 23 Class members' remedies under the FLSA are inadequate in this case to the extent Defendant paid them more than the federally mandated minimum wage

of $7.25 per hour but less than 40 hours per week (i.e., pure "gap time" claims).

74. Defendant also breached its duty of good faith and fair dealing by failing to pay all wages, which is a fundamental part of an "employer's job."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and, on behalf of herself and for all class and collective members request the Court to enter judgment in their favor on this Complaint and:

a) Designation of this cause as a collective action on behalf of the FLSA class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising FLSA class members of the pendency of this action and permitting other members of the FLSA class to assert timely FLSA claims;

b) For an Order finding Defendant liable under the FLSA for unpaid overtime due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due;

c) For certification of and notice to the FLSA Class and Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

d) An Order designating Plaintiff as the representative of the FLSA class, the Rule 23 class and undersigned counsel as Class counsel for the same;

e) An award of all contractually agreed to wages;

f) For an Order finding that Defendants' violations of the FLSA were willful.

g) An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the classes;

h) An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the classes;

i) Such other general and specific relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: April 29, 2022.                    Respectfully Submitted,

*/s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***