# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MANJU SHRESTHA and
TIANA SANDERS,

    Plaintiffs,

v.

UNITED STATES POSTAL SERVICE,

    Defendant.

Case No. 2:22-cv-2268-MSN-atc
JURY DEMAND

## ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL

Before the Court are the parties' Joint Motion for Settlement Approval (ECF No. 37, "Joint Motion") and the Supplement to the Joint Motion for Settlement Approval (ECF No. 40, "Supplement"). The Joint Motion seeks this Court's approval of the parties' proposed settlement of Plaintiffs' individual FLSA claims, and Plaintiffs also seek an award of attorneys' fees and costs, which Defendant does not oppose. (*See* ECF No. 37 at PageID 77, 85.) The gross settlement amount is $12,500.00, of which $5,454.91 is for payment of attorneys' fees and costs. (*See* ECF No. 37-1 at PageID 88.) Because the Joint Motion did not provide information supporting the award of attorneys' fees and costs, the Court ordered Plaintiffs to submit additional information. Plaintiffs timely submitted that information in the Supplement. For the reasons set forth below, the Joint Motion is **GRANTED**.

## BACKGROUND

Plaintiff Manju Shrestha filed this matter on April 29, 2022, as a collective action under the Fair Labor Standards Act ("FLSA") and a Rule 23 class action. Service was completed on

October 5, 2022. The parties then began negotiating and reached a settlement; they filed a notice of settlement on July 17, 2023. After continued negotiations over the settlement agreement, Shrestha signed the agreement on February 6, 2024, and Plaintiff Tiana Sanders signed it on July 9, 2024. The Joint Motion now before the Court was then filed on July 26, 2024, and the Court-ordered supplement on October 15, 2024. The parties attached their FLSA Settlement Agreement and Full and Final General Release of Claims (*see* ECF No. 37-1, "Agreement") to their Joint Motion.

Shrestha began working for Defendant United States Postal Service ("USPS") as a temporary employee on December 4, 2021. USPS intended for Shrestha to work at its B.B. King facility, but due to USPS's needs, Shrestha was assigned to the Partial Select Annex ("PSA") facility instead. This change in Shrestha's work assignment location was apparently too much for the USPS payroll system to handle, and Shrestha was unable to clock in or out while working at the PSA location because she was still officially assigned to the B.B. King location in the payroll system. To work around this, Shrestha manually recorded her time, and then USPS managers prepared and submitted the necessary pay adjustment forms for Shrestha to be paid. But by the time those forms were submitted, USPS's payroll system had already terminated Shrestha in the system. This snafu meant Shrestha went unpaid for a large portion of her work until early 2023. The settlement amount for Shrestha represents the backpay due to her and a compromise for liquidated damages.

Plaintiff Tiana Sanders also experienced issues with USPS's payroll system and was unable to clock in for approximately two weeks in December 2021. Sanders, however, received pay advances on December 23, 2021, that represented approximately 65 percent of her wages for the two weeks affected by the time clock issue. The remaining 35 percent of her wages were withheld

2

for taxes and applicable withholdings. The settlement amount for Sanders represents the remaining backpay due to her and a compromise for liquidated damages.

## STANDARD OF REVIEW

The FLSA imposes a minimum wage and an overtime wage for several categories of employee. 29 U.S.C. §§ 206-07. To ensure compliance with the overtime and minimum wage provisions, the FLSA permits an employee to sue his employer to recover unpaid wages, an additional and equal amount as liquidated damages, and reasonable attorneys' fees. *Id.* § 216(b).

"The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). One exception applies when courts "approve settlement of suits brought in federal district courts pursuant to Section 16(b) of the FLSA." *Id.* (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).[1]

---

[1] There is a circuit split as to whether the settlement of FLSA claims requires Court approval. *Compare, e.g., Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247, 256 (5th Cir. 2012) (not requiring Court approval) *with Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (requiring Court approval). The Sixth Circuit has not spoken directly on this issue, but district courts in the Sixth Circuit have regularly required court approval of FLSA settlements. *See, e.g., Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024 (W.D. Tenn. 2016); *Cardwell v. RPM Wholesale & Parts, Inc.*, Civil Case No. 21-10831, 2021 WL 5563979 (E.D. Mich. Nov. 29, 2021); *Love v. Gennett Co. Inc.*, No. 3:19-cv-296, 2021 WL 4352800 (W.D. Ky. Sept. 24, 2021). However, a growing number of district courts are rejecting the Eleventh Circuit's analysis in *Lynn's Food Stores*. *See, e.g., Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635 (W.D. Ky. 2022). This Court takes no position on the matter, but because the parties in this case have requested approval of their settlement, the Court has engaged in the analysis under *Lynn's*.

In reviewing a proposed FLSA settlement, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's*, 679 F.2d at 1355; *see also Green v. Hepaco, LLC*, No. 2:13-cv-02496, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014). First, "a bona fide dispute exists when there are legitimate questions about the existence and extent of the defendant's FLSA liability." *Selk v. Pioneers Mem. Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (cleaned up); *see also Lynn's*, 679 F.2d at 1354 (there must be "issues, such as FLSA coverage or computation of back wages, that are actually in dispute"). Second, courts consider the following factors to determine whether a resolution is fair and reasonable:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992) and *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Burnham v. Papa John's Paducah, LLC*, No. 5:18-CV-112-TBR, 2020 WL 2065793, at *2 (W.D. Ky. Apr. 29, 2020) (citing *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008).

## DISCUSSION

### A. Bona Fide Dispute

Defendant disputes Plaintiffs' allegations that Defendant willfully violated FLSA; Defendant maintains that it acted in good faith. (*Id.*) Thus, there are factual and legal disputes

4

about the existence and extent of Defendant's FLSA liability. In other words, Plaintiffs face a significant risk of not prevailing on their claims. The Court thus finds there is a bona fide dispute.

**B.     Fair and Reasonable Resolution**

The Agreement provides Shrestha and Sanders each with an amount for unpaid backpay and liquidated damages. Whether this settlement is fair and reasonable turns on consideration of the factors identified above. The Court discusses each factor in turn below.

First, the Court has no reason to believe the Agreement was reached through collusion or fraud. Courts "may presume that no fraud occurred and that there was no collusion between counsel" unless there is evidence otherwise. *See, e.g.*, *Crawford v. Lexington-Fayette Urb. Cnty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *6 (E.D. Ky. Oct. 23, 2008). The Agreement here was the result of "[m]ultiple rounds" of "arms-length negotiations between the parties through experienced attorneys" who have previously litigated FLSA claims against each other (ECF No. 37 at PageID 83).

Second, the expense and duration of the litigation weigh in favor of the settlement being fair and reasonable. "In evaluating settlements, courts are not required to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 895–96 (6th Cir. 2019) (cleaned up). Both parties were represented by experienced counsel who advised their clients regarding the risks of continued litigation. "Without question, if the case had not settled, the parties would have spent significant time and resources answering the Complaint and completing written and deposition discovery. Similarly, if this case had not settled, the parties would have spent significant time drafting class certification and other dispositive motions,

5

particularly on Plaintiffs' Rule 23 class action claim." (ECF No. 37 at PageID 85.) The Agreement avoids expensive and lengthy litigation and the risks associated therewith. This factor weighs in favor of the settlement.

Third, the parties have engaged in sufficient discovery such that the Court believes parties are able to adequately gauge the risks of continuing with litigation in this matter. (*See* ECF No. 37 at PageID 84.)

Fourth, the parties disagree about the merits of Plaintiffs' claims and Defendant's defenses. In particular, the "parties had divergent positions on damages components such as whether liquidated damages were appropriate under the FLSA." (ECF No. 37 at PageID 84.) Plaintiffs therefore faced a significant risk that their claims would be unsuccessful. This factor thus weighs in favor of approving the Agreement.

Fifth, Counsel have expressed that they consider this settlement a fair and reasonable resolution, and there are two named plaintiffs and no absent class members.

Finally, settlement is in the public interest. "If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to promote the policy of encouraging settlement of litigation." *Crawford*, 2008 WL 4724499, at *9 (citing *Lynn's*, 679 F.2d at 1353) (cleaned up). "There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Deja Vu Servs.*, 925 F.3d at 899 (6th Cir. 2019) (cleaned up). The settlement here conserves judicial resources while also promoting compliance with the FLSA. This final factor thus weighs in favor of the settlement.

For the reasons set forth above, the Court finds that the settlement is fair and reasonable.

C.     **Attorneys' Costs and Fees**

"A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Pittman v. Matalco (U.S.), Inc.*, Case No. 4:18CV203, 2018 WL 6567801, at *1 (N.D. Ohio Dec. 13, 2018) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). In determining the reasonableness of attorneys' fees, "[a] district court has discretion to choose between the percentage-of-the-fund method and the lodestar method . . . ." *Baker v. ABC Phones of N.C., Inc.*, No. 19-cv-02378-SHM-tmp, 2021 U.S. Dist. LEXIS 208344, at *11 (W.D. Tenn. Oct. 28, 2021) (citing *Van Horn v. Nationwide Prop. and Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011)). *See also Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 515 (6th Cir. 1993). "But even where attorney fees are sought pursuant to the percentage of the fund method, 'counsel must submit evidence providing a factual basis for the award.'" *Diaz v. Rockland Gardens Assocs.*, No. 22- CV-3281 (KMK), 2023 U.S. Dist. LEXIS 19024, at *10 (S.D.N.Y. Feb. 3, 2023) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)).

Here, Plaintiff's counsel seeks $5,454.91 in attorneys' fees and costs, and asserts that the fees are consistent with the lodestar calculations. (ECF No. 40 at PageID 100.) In support, Plaintiffs' Lead Counsel submitted an affidavit to the Court detailing, among other things, the total number of hours worked and a lodestar report breaking down the hours each attorney spent on this action. (ECF No. 40-1.) The report shows a total of 26.50 hours spent on this matter and uses an hourly rate of $250; after adding $452.17 of expenses, the firm's total lodestar amount for attorneys' fees and expenses is $7,077.17. (*Id.*) The Court finds the $5,454.91 requested in attorneys' fees and costs to be reasonable and approves the same.

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS** the parties' Joint Motion for

Settlement Approval (ECF No. 37), and **APPROVES** the parties' FLSA Settlement Agreement and Full and Final General Release of Claims (*see* ECF No. 37-1) as a fair and reasonable resolution of the parties' *bona fide* dispute. The Court further approves payment of the attorneys' fees and costs for Plaintiffs' counsel. Judgment will be entered dismissing this matter with prejudice.

      **IT IS SO ORDERED**, this 21st day of October, 2024.

                                          *s/ Mark S. Norris*
                                          MARK S. NORRIS
                                          UNITED STATES DISTRICT JUDGE